**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

---

**UNITED STATES OF AMERICA,**
        **Plaintiff,**

  v.                                                                 **Case No. 01-CR-123**

**TRACY SMITH,**
        **Defendant.**

---

## DECISION AND ORDER

Defendant Tracy Smith moves for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on the Sentencing Commission's 2007 amendments to the crack cocaine guidelines. The government concedes defendant's eligibility for a reduction under § 3582(c)(2), but nevertheless opposes the motion based on the seriousness of the offense and defendant's criminal record. In the alternative, the government opposes any reduction beyond the low end of the amended guideline range.

On receipt of the government's response, I appointed counsel for defendant and permitted counsel to file a reply.[1] I also solicited a report from the probation office regarding defendant's post-sentencing conduct. I now grant the motion, but decline, in the exercise of discretion, to reduce the sentence below the amended range.

### I. BACKGROUND

The government charged defendant with assault of a law enforcement officer using a deadly weapon, felon in possession of a firearm and ammunition, possession with intent to distribute cocaine and cocaine base, and distribution of in excess of 50 grams of cocaine base. Pursuant to an agreement with the government, defendant pleaded guilty to a single

---

[1]Defendant also filed a pro se reply.

count of possession of cocaine with intent to distribute. See 21 U.S.C. §§ 841(a)(1) & (b)(1)(C). At sentencing, I held him responsible for 250 grams of cocaine and 125 grams of cocaine base, which converted to 2550 kilograms of marijuana, producing a base offense level of 32. See U.S.S.G. §§ 1B1.3 & 2D1.1(c) (2001). I then added 2 levels based on defendant's reckless endangerment during flight, U.S.S.G. § 3C1.2, and subtracted 3 levels for acceptance of responsibility, § 3E1.1, producing a final level of 31. Coupled with defendant's criminal history category of VI, I adopted an imprisonment range of 188-235 months and imposed sentence at the low end.[2]

## II. THE NEW CRACK GUIDELINES

Effective November 1, 2007, the Sentencing Commission reduced offense levels in crack cocaine cases by 2 levels. See United States Sentencing Commission Guidelines Manual, Supplement to Appendix C 226-31 (2007) (Amendment 706). Effective March 3, 2008, the Commission made the changes retroactive, United States Sentencing Commission, Supplement to the 2007 Guidelines Manual 1-4 (Mar. 3, 2008) (U.S.S.G. § 1B1.10(c)), thus permitting defendants to rely on the amended crack guidelines to seek sentence reductions under 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) provides that:

---

[2]The pre-sentence report ("PSR") also designated defendant a career offender under U.S.S.G. § 4B1.1, but because he pleaded guilty to an offense with a statutory maximum of 20 years, his career offender offense level (32) was actually lower than under the calculations set forth in the text. Under such circumstances, the guidelines instruct the court to use the higher level otherwise applicable. U.S.S.G. § 4B1.1(b). A career offender's criminal history category is always deemed a VI, U.S.S.G. § 4B1.1(b), but defendant had more than enough criminal history points to reach that designation anyway (even after I discounted his score somewhat at sentencing). Thus, the career offender designation did not affect the range under which defendant was actually sentenced. Cf. United States v. Biami, No. 95-CR-93, 2008 WL 1869108, at *2 (E.D. Wis. Apr. 22, 2008) (holding that a sentence reduction is not authorized under § 3582(c)(2) if a guideline amendment does not lower the range under which the defendant was actually sentenced).

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

However, a defendant is not entitled to an automatic discount just because his range has been lowered. See, e.g., United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998); United States v. Marshall, 83 F.3d 866, 869 n.3 (7th Cir. 1996); see also U.S.S.G. § 1B1.10 cmt. background (2008) (stating that designation of an amendment for retroactive application "does not entitle a defendant to a reduced term of imprisonment as a matter of right"). Rather, the statute directs the court to consider the sentencing factors set forth in 18 U.S.C. § 3553(a) in order to decide whether to exercise its discretion to lower the sentence and, if so, to what extent.[3] The Commission has provided further guidance in making this determination:

> (B) <u>Factors for Consideration</u>. –
>
> (i) In General.--Consistent with 18 U.S.C. 3582(c)(2), the court shall consider the factors set forth in 18 U.S.C. 3553(a) in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b).
>
> (ii) Public Safety Consideration.--The court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment in determining: (I)

---

[3] In deciding a § 3582(c)(2) motion, the court should follow a sequential two-step process: first, determine whether the Commission has lowered the defendant's range and made the change retroactive; and, second, if so, consider the factors in 18 U.S.C. § 3553(a) and U.S.S.G. § 1B1.10(b) to determine whether to exercise its discretion to grant a reduction, and if it does, the extent of the reduction. Biami, 2008 WL 1869108, at *4 n.4.

Whether such a reduction is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b).

(iii) Post–Sentencing Conduct.--The court may consider post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment in determining: (I) Whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b).

U.S.S.G. § 1B1.10 cmt. n.1(B) (2008).

### III. DISCUSSION

**A. Whether to Grant Reduction**

In the present case, the parties agree that defendant's base offense level under U.S.S.G. § 2D1.1(c) has, pursuant to the 2007 amendments, been reduced from 32 to 30. Adding 2 levels under § 3C1.2 and subtracting 3 under § 3E1.1, the final level has been reduced to 29, producing an amended imprisonment range of 151-188 months.[4] Therefore, because his range has been lowered, I am authorized to reduce defendant's sentence under 18 U.S.C. § 3582(c)(2).

---

[4] Under the November 2007 guidelines, defendant's offense level actually remained the same. As noted above, at sentencing I held defendant responsible for 250 grams of cocaine, which equated to 50 kilograms of marijuana, and 125 grams of crack, which equated to 2500 kilograms of marijuana, for a total of 2550 kilograms. See U.S.S.G. § 2D1.1 cmt. n. 10 (2001). Under the 2007 guidelines in effect when defendant first filed the instant motion, the cocaine equivalency was unchanged and the crack converted to 1750 kilograms of marijuana. See U.S.S.G. § 2D1.1 cmt. n.10(D) (2007) (providing that in cases where the crack alone produces a level of 30, the marijuana equivalent is 14 kg of marijuana per g of cocaine base). This produced a new total of 1800 kilograms of marijuana, which produced the same base offense level as before – 32. However, effective May 1, 2008, the Commission scrapped the November 2007 Drug Equivalency Table and, subject to three exclusions not relevant here, simply provided that in cases involving more than one controlled substance the court should compute the combined offense level as before, then take 2 levels off that figure. See United States Sentencing Commission, Amendments to the Sentencing Guidelines 1 (May 1, 2008). Under this simplified methodology, defendant benefits from the crack amendment.

4

The government opposes the motion based on the aggravated nature of this offense and the seriousness of defendant's record. The government first recounts what occurred when agents attempted to arrest defendant for the instant offense in a busy mall parking lot: defendant rammed a mini-van parked directly in front of him in order to escape the stall in which he was parked; one of the agents fell to the ground on the driver's side of defendant's vehicle, and defendant drove over the loose clothing of the agent's right arm and ran over one of the agent's fingers.[5] Defendant then proceeded out of the parking lot at a high rate of speed, colliding with another vehicle, and led officers on a high speed chase that reached speeds of 70 mph in heavy traffic. During the flight, defendant's co-actor was observed dumping suspected cocaine out the window. After about 2½ miles, defendant lost control of his vehicle, left the roadway and attempted to flee on foot but was apprehended.

The government further notes that this was not the first time defendant engaged in such reckless conduct. In 1997, defendant was convicted of fleeing in state court after leading police on a 60 mph chase in a 25 mph residential zone. When police finally blocked defendant in a cul de sac, he turned his vehicle around and headed toward an officer who had stepped out of his squad, requiring the officer to take evasive action, jumping four or five feet in order to avoid being struck. Defendant's record also contains a robbery charge from 1985, which involved his approaching a female victim from behind, grabbing her purse and knocking her to the ground. His record contains numerous other, less serious convictions, including possession of a stolen automobile, criminal damage to property, theft, drug possession, burglary of a business, and possession with intent to

---

[5]The agent went to the hospital, where he was treated for abrasions and released within two hours of arrival.

deliver cocaine. The government argues that given his conduct in this case and his serious prior record the court should deny the motion in the interest of public safety.

While the government's concerns are legitimate, I cannot agree that they support outright denial of the motion. The amended guideline range, which (still) includes an enhancement under U.S.S.G. § 3C1.2, accounts for defendant's dangerous conduct in fleeing from the arresting agents. See, e.g., United States v. Teagne, No. 3:98CR00033, 2008 WL 687109, at *1 (W.D. Va. Mar. 7, 2008) (granting § 3582(c)(2) motion over the government's objection where the guidelines accounted for the aggravated conduct on which the government relied); United States v. Schroeder, No. 5:06CR00029, 2008 WL 648030, at *1 (W.D. Va. Mar. 7, 2008) ("While the court recognizes that the defendant helped facilitate the distribution of a large quantity of crack cocaine, that quantity was specifically taken into consideration when the court originally sentenced the defendant."); United States v. Clark, No. 5:04CR30018-003, 2008 WL 594762, at *2 (W.D. Va. Mar. 4, 2008) (granting motion despite the defendant's leadership role and possession of a firearm where those factors were taken into account in the revised guideline range). I do not regard defendant's reckless flight in the instant case as so severe as to require punishment in addition to that prescribed by U.S.S.G. § 3C1.2. See 18 U.S.C. § 3553(a)(2)(A) (providing that a sentence must be sufficient, but not greater than necessary, to provide just punishment for the offense).

Likewise, the guidelines, then and now, account for defendant's criminal history by assigning him to criminal history category VI. See, e.g., United States v. Saint-Jean, No. 5:06CR00038-007, 2008 WL 2074050, at *1 (W.D. Va. May 14, 2008) (granting motion over government's objection based on defendant's prior record where "all of this conduct was known to the court at the time of sentencing and was fully taken into account when

6

fashioning a proper sentence in this case"); United States v. Lucas, No. 5:06CR00029-002, 2008 WL 936850, at *1 (W.D. Va. Apr. 7, 2008) (same); United States v. Holmes, No. 5:06CR00039-003, 2008 WL 916301, at *1 (W.D. Va. Apr. 2, 2008) (same); United States v. Rubick, No. 3:03-CR-111, 2008 WL 833510, at *2 (E.D. Tenn. Mar. 26, 2008) (rejecting the government's argument based on the defendant's criminal history, where all of the defendant's prior history was included in the original PSR, the court took that history into consideration when the defendant was originally sentenced, and those criminal history points were still part of the revised guideline calculation). This does not mean that the district court should not on a § 3582(c)(2) motion give careful consideration to the nature of the defendant's prior record simply because the guidelines assign it a score on the sentencing grid. Both 18 U.S.C. § 3553(a)(2)(C) and U.S.S.G. § 1B1.10 cmt. n.1(B)(ii) direct the court to consider the need to protect the public. In this case, however, I do not consider defendant's record so severe as to require a sentence above the low end of the amended guideline range to satisfy that purpose of sentencing.[6] See, e.g., United States v. Bellows, No. CR-03-70-B-W-01, 2008 WL 942652, at *2 (D. Me. Apr. 7, 2008) (granting reduction despite the defendant's "unfortunate criminal history, some legitimate safety concerns . . . and an equivocal pattern of conduct while incarcerated," where court found that a sentence at the low end of amended range "remains a serious and appropriate one").

A sentence at the low end of the amended guideline range, which is about twice as long as any previous sentence defendant served, is also sufficient to satisfy the need to deter defendant from re-offending. See 18 U.S.C. § 3553(a)(2)(B); see also United States v. Alfaro-Garcia, No. 06-CR-299, 2007 WL 1700122, at *3 (E.D. Wis. June 11, 2007)

---

[6]As I have recognized in other cases, the district court rightly may be more concerned about other criminal conduct, charged or uncharged, which the guidelines do not consider.

7

("Generally, courts should impose incremental punishment to achieve deterrence."). I also find that a sentence based on the modified range will promote respect for the law, § 3553(a)(2)(A), and reduce unwarranted sentencing disparity, § 3553(a)(6). As is notorious, the old sentencing guidelines utilized a 100:1 ratio between crack and powder cocaine, a disparity the Sentencing Commission has long criticized. See Kimbrough v. United States, 128 S. Ct. 558, 568 (2007) (citing the Commission's finding that the crack/powder sentencing differential fosters disrespect for and lack of confidence in the criminal justice system because of a widely-held perception that it promotes unwarranted disparity based on race). Indeed, the Commission in stating the reason for its addition of the crack amendment to § 1B1.10(c) noted "the urgent and compelling problems associated with the penalty structure for crack cocaine offenses." United States Sentencing Commission, Supplement to the 2007 Guidelines Manual 56 (Mar. 3, 2008) (Amendment 713). A reduced sentence serves these purpose as well.

Finally, I consider defendant's post-sentencing conduct. According to the report from the probation office, defendant has completed the 40 hour basic drug education class, as well as courses in marketing entertainment, commercial driver's license, typing and developmental math. He has also taken pre-GED classes and continues to work towards his GED. This demonstrates that defendant is thinking about the future. On the downside, defendant has sustained conduct violations for assault in 2002, refusing to obey an order in 2003, and possession of intoxicants in 2004. While these violations are some cause for concern, defendant has maintained clear conduct for the past four years. Given all of the other circumstances, I cannot conclude that defendant's post-sentencing conduct should stand in the way of a reduction. Therefore, I will grant defendant's motion under 18 U.S.C. § 3582(c)(2). I proceed now to the extent of the reduction.

**B.    Extent of Reduction**

The parties debate whether, under § 3582(c)(2), the court is empowered to reduce the sentence below the minimum of the amended guideline range, see U.S.S.G. § 1B.10(b)(2)(A) ("[T]he court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection"), and whether § 3582(c)(2) provides for a full Booker re-sentencing, compare U.S.S.G. § 1B1.10(a)(3) ("Consistent with subsection (b), proceedings under 18 U.S.C. 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant."), with United States v. Hicks, 472 F.3d 1167, 1169 (9th Cir. 2007) (holding that Booker applies to § 3582(c)(2) proceedings).  Because I decline, in the exercise of discretion, to reduce the sentence below 151 months, the low end of the amended range, I need not address these legal issues.

Just as § 3582(c)(2) affords the district court discretion in deciding whether to reduce a sentence, it likewise affords the court discretion to determine the extent of the reduction. In the present case, for many of the reasons stated in the government's brief, I decline to reduce defendant's sentence below 151 months.  This was a serious crime, involving a significant amount of crack and powder cocaine.[7]  Defendant's flight when the agents

---

[7]In his original pro se motion, defendant makes reference to the guideline range based on the powder cocaine involved in the count of conviction.  However, in his plea agreement, defendant agreed that his relevant conduct also included 125 grams of crack cocaine.  The government made significant concessions in the plea agreement, agreeing to dismiss all of the other counts, capping defendant's statutory exposure at 20 years.  This also had the effect of creating a career offender base offense level of 32, rather than level 37, which would have applied had defendant pleaded guilty to the 50 gram crack distribution count with which he had been charged.  See U.S.S.G. § 4B1.1.  As discussed earlier, the PSR concluded that defendant was a career offender but declined to compute the range under that guideline because the range otherwise applicable was higher.  Had defendant

9

attempted to arrest him created a serious risk both to the agents and innocent bystanders. Thus, to reduce the sentence further would fail to provide just punishment for the offense. See 18 U.S.C. § 3553(a)(2)(A). Similarly, to reduce the sentence further would fail to account for defendant's serious prior record and thus fail to protect the public. See 18 U.S.C. § 3553(a)(2)(C). Finally, I take into account defendant's post-sentencing prison rule violations. While these violations are not so serious as to require me to deny the motion outright, they do counsel against additional leniency.[8]

### IV. CONCLUSION

In sum, I conclude that if this case were on for sentencing today, I would find a sentence at the low end of the guideline range sufficient but not greater than necessary. Because I do not consider a high end or above-range sentence necessary under § 3553(a), I grant the motion. Because I find a below-range sentence insufficient, I decline to reduce the sentence further (assuming I am empowered to do so).

**THEREFORE, IT IS ORDERED** that defendant's motion is **GRANTED**, as stated herein, and his sentence is reduced to 151 months. All other terms and conditions of the original sentence are unchanged. A form order will follow.

Dated at Milwaukee, Wisconsin this 21st day of May, 2008.
/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

---

pleaded to the 50 gram crack offense, the career offender guideline would have applied, and defendant would not be eligible for any § 3582(c)(2) consideration. See Biami, 2008 WL 1869108, at *2-4.

[8]Assuming, arguendo, that U.S.S.G. § 1B1.10 is not binding, I may still consider its provisions as advice that I not engage in a full re-sentencing or reduce the sentence below the amended range. See 18 U.S.C. § 3553(a)(3). I find these recommendations appropriate in the present case.